UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIAN DAVIS,

                Plaintiff,

-vs-                                                Case No. 2:10-cv-107-FtM-29SPC

COLLIER COUNTY SHERIFF'S OFFICE;
DEPUTY VENTURA #3247,

                Defendant.
_____

## REPORT AND RECOMMNEDATION

This matter comes before the Court on the Plaintiff, Adrian Davis's Motion to Proceed *In Forma Pauperis* (IFP) (Doc. #2) filed on February 18, 2010.

## FACTS

The Plaintiff was apparently arrested on January 22, 2010, by deputies of the Collier County Sheriff's Office (CCSO). The Plaintiff's facts appear to be somewhat vague other than he was arrested and requested to speak to the booking room supervisor. The booking room supervisor was apparently not available. The Plaintiff said he told the deputies there was no probable cause to arrest him. The deputies told him that "your argument whether or not there was sufficient facts to justify your arrest of RAWV [resisting arrest with violence] needs to be presented to the Public Defender/attorney handling your case." (Doc. # 1, p.9).

The Plaintiff alleges the officers had no offense to hold him on prior to their charge of resisting arrest with violence and that his arrest was made without his being informed what the charges were. The Plaintiff's Complaint states the Booking Report lists reasons for his arrest, although he does not name them, but he alleges "you wont [sic] fined [sic] one legitamate [sic] enough." (Doc. # 1, Continuation Form). He further alleges officer misconduct with the use of force and false arrest. The Plaintiff also insinuates that officers mistreated him for being a "black American." As such, the Plaintiff claims that his Fourth Amendment rights were violated. He moves the Court to make the officers apologize for a period of years of harassment since his release from prison. (Doc. # 1, p.10).

## DISCUSSION

The Plaintiff seeks to proceed IFP under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint in its entirety to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc.

#1) with a less stringent standard than those Complaints written by attorneys. Trawinski vs. United Technologies, 313 F.3d 1295 (11th Cir. 2002).

The Plaintiff brings a claim against CCSO and Deputy Ventura for False Arrest, Officer Misconduct for the use of force, and violation of the Fourth Amendment.

### *(1) False Arrest*

It is well settled that claims "of false arrest or false imprisonment fall within the rights protected by the Fourth Amendment's guarantee against unreasonable seizures and the Fourteenth Amendment's guarantee against deprivations of liberty without due process of law." Caruso v. City of Cocoa, Florida, 260 F. Supp. 2d 1191, 1204 (M.D.Fla.2003). The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

U.S. Const. amend IV. The tort of false imprisonment or false arrest is defined as the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty. A plaintiff must show that the detention was unreasonable and unwarranted under the circumstances." Zivojinovich v Ritz Carlton Hotel Co., 445 F. Supp 2d 1337, 1346 (M.D. Fla. 2006) (citing Rivers v. Dillards Department Store, Inc., 698 So.2d 1328, 1331 (Fla. 1st DCA 1997) (internal citations and quotations omitted)). Here, the Plaintiff fails to demonstrate why his arrest was unwarranted. He was charged with resisting arrest with violence, a more serious charge, and provides no information as to why he was wrongfully arrested on those charges. Thus, the Plaintiff's Count for False Arrest should be dismissed.

### *(2) Officer Misconduct*

The Plaintiff claims the deputies engaged in officer misconduct by use of excessive force. Claims of excessive force by police officers are cognizable under 42 U.S.C. § 1983, as are claims that officers who were present failed to intervene. Ford v. Greenbaum, 2009 WL 2834830 * 2 (S.D. Fla. August 27, 2009) (citing Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir.1985)). "[C]laims of excessive force are to be judged under the Fourth Amendment's 'objective reasonableness' standard." Ford, 2009 WL 2834830 at * 2 (citing Brosseau v. Haugen, 543 U.S. 194, 197 (2004) (citing Tennessee v. Garner, 471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985); Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). Thus, "[t]he question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." Ford, 2009 WL 2834830 at * 2 (citing Vinyard v. Wilson, 311 F.3d 1340, 1347 (11 Cir.2002)). In this respect, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Ford, 2009 WL 2834830 at * 2.

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake ." Id. This analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. In addition, other considerations include: "(1) the need for the application of

force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." Id. (citing Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir.2008) (quotation omitted). In this respect, the Supreme Court has "recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Ford, 2009 WL 2834830 at * 2 (citing Graham, 490 U.S. at 396).

Here, the Plaintiff merely states the deputies used force on his person but provides no facts as to what that force was, nor the circumstances in which the force was applied. The only factual basis in the Plaintiff's Complaint is that he was arrested for resisting with violence, a factor that weighs against his claim. Thus, it is recommended the Plaintiff has failed to state a claim for misconduct using excessive force.

### *(3) Whether the Plaintiff's Race was a Factor*

The Plaintiff states that he told the deputies that they had to be careful applying force to certain "Black Americans" who knew the law. (Doc. #1, Continuation Form). The Plaintiff appears to be insinuating that he may have had unnecessary force used against him because of his race.

Claims that similarly situated individuals have been treated differently on the basis of race arise under the Equal Protection Clause. *See* City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985) (holding that the Equal Protection Clause requires that the government treat similarly situated people alike). In order "[t]o establish an equal protection claim, a plaintiff must demonstrate that (1) 'he is similarly situated with other p[ersons] who received' more favorable treatment; and (2) his discriminatory treatment was based on some

constitutionally protected interest, such as race." Everett v. Marianna Police Dept., 2008 WL 222713 *5 (N.D. Fla. January 25,2008) (citing Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir.2001) (quoting Damiano v. Florida Parole & Probation Comission, 785 F.2d 929, 932-33 (11th Cir.1986)).

To establish a discriminatory effect in a race case, the Plaintiff must show that similarly situated individuals of a different race were not prosecuted for the same crime or conduct. U.S. v. Armstrong, 517 U.S. 456, 465, 116 S. Ct. 1480, 1487, 134 L. Ed. 2d 687 (1996). This requirement has been established in case law since Ah Sin v. Wittman, 198 U.S. 500, 25 S.Ct. 756, 49 L. Ed. 1142 (1905). Armstrong, 517 U.S. at 465. The Plaintiff must show people of another race violated the law and the law was not enforced against them. U.S. v. Bell, 86 F.3d 820, 823 (8th Cir. 1996). To show discriminatory purpose the Plaintiff must show the officer's decision to enforce the law was at least partially based on race. Id.

To show discriminatory purpose, the Plaintiff must prove that the Deputy's decision to arrest him was at least partially based upon the Plaintiff's race. Id. (finding no discrimination occurred even through one hundred percent (100%) of the individuals arrested for the alleged violation absence of a bicycle light were African-American, because the defendant failed to show that white bicyclists also violated the statute but were not ticketed). The Plaintiff fails to present any basis for a claim that he was discriminated against by officers because of his race. There were no similarly situated individuals who were treated differently due to their race. Furthermore, the Plaintiff failed to present any evidence that officers employed by the CCSO have acted in the past in any discriminatory manner.

### *(4) Complaint Must Comply with the Federal Rules*

The Plaintiff's Complaint fails to comply with the Federal and Local Rules. Under the Federal and Local Rules, a complaint has to follow a specific format before being considered by the Court. The Plaintiff's current Complaint (Doc. # 1) fails to follow any format, but instead is nothing more than a stream of facts and allegations without any form, law, or specifics as to how the alleged Defendants violated a specific constitutional right or law. Accordingly, it is recommended the Plaintiff be required to file an Amended Complaint, in accordance with Federal Rules of Civil Procedure 8 and 10.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Twombly, 128 S.Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Rule 10 requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).

The Plaintiff must name as Defendants only those persons or entities who are responsible for the alleged constitutional violations. If the Plaintiff intends to proceed against the named Defendants, he must allege which acts were committed by each Defendant and how each act entitles him to relief. The Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes. The Plaintiff must provide support in the statement of facts for the claimed violations.

Further, in the body of the amended complaint, the Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged claim. The Plaintiff must provide support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must also state which defendants are being sued for each particular count of the Amended Complaint. The Plaintiff is reminded that his *pro se* status does not free him from the requirements of the Federal Rules of Civil Procedure

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) The Plaintiff, Adrian Davis's Motion to Proceed In Forma Pauperis (IFP) (Doc. #2) should be **DENIED**.

(2) The Plaintiff's Complaint (Doc. # #1) should be **DISMISSED without prejudice** and the Plaintiff should be given leave to amend.

(3) It is Further Respectfully Recommended that the Plaintiff should be allowed to file an Amended Complaint **twenty-one (21) days** after the Court rules upon this Report and

Recommendation. The Amended Complaint should comply the Federal and Local Rules as well as the instructions provided in this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of April, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record